UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.

UNITED STATES OF AMERICA,

        Plaintiff,            **COMPLAINT**

    v.

SCOTT PHILLIP FLYNN,
SHAWN M. GRIMM,
WATERTOWN PROPERTY, LLC, AND
DESERT INN HOLDINGS, LLLP,

        Defendants.

The United States of America, Plaintiff, by and through its undersigned attorneys, states and alleges as follows:

## NATURE OF THE ACTION

Defendant Scott Phillip Flynn has been ordered to pay over $6 million in restitution to the victims of his crimes. Yet, since 2007, he has lived in a multi-million dollar house in Orono, Minnesota, located at 2845 Watertown Road (the "Orono mansion"), which he purchased with $2.7 million in personal income that was part of his tax fraud schemes. Through this action, the United States seeks a declaratory judgment under 28 U.S.C. § 2201 that Watertown Property, LLC and Desert Inn Holdings, LLLP, the purported owners of the Orono mansion, are alter egos of Flynn. The United States also seeks to liquidate the assets held by Watertown Property, LLC and Desert Inn Holdings, LLLP upon application and order of the Court pursuant to 18 U.S.C. § 3613A(a)(1) and/or the Federal Debt

Collection Procedures Act, 28 U.S.C. §§ 3013 and 3201(f) so that the proceeds can be applied to Flynn's restitution obligations.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because the United States is the Plaintiff, and under 28 U.S.C. § 1355 because proceedings for the collection of restitution are equivalent to proceedings for the collection of fines.

2. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' restitution claims occurred in this district and because Flynn resides in this district.

## FACTUAL ALLEGATIONS

3. Since 2007, Flynn has used multiple entities under his control, including Desert Inn Holdings, Watertown Properties, LLC, and Watertown Property, LLC (collectively, "the Flynn Entities"), to evade paying taxes and in attempt to protect the equity in the Orono mansion from his creditors, including the United States. A detailed chronology is attached as **Exhibit A** for ease of reference in reviewing this Complaint.

### THE PARTIES

**A. The United States of America**

4. The United States is a creditor of Defendant Scott Phillip Flynn based upon his criminal convictions in two separate fraud schemes.

5. Since April 27, 1999, Plaintiff United States of America ("the United States") has been a creditor of Defendant Scott Phillip Flynn ("Flynn") based on the judgment entered against him in *United States v. Scott Phillip Flynn*, Criminal No. 98-134

(MJD/JMM) (hereinafter, "*Flynn I*").  Attached as **Exhibit B** is a true and correct copy of the *Flynn I* Judgment and Sentencing Order.  At the time of entry of the judgment in *Flynn I*, Flynn's debt to the United States totaled $317,522.00 plus interest.  As of April 18, 2019, the balance owing on the *Flynn I* debt is $652,518.01.

6. On January 24, 2019, Flynn became further indebted to the United States as a result of a second criminal judgment entered against him in *United States v. Scott Phillip Flynn*, 16-cr-347 (ADM/KMM) (hereinafter, "*Flynn II*").  Attached as **Exhibit C** is a true and correct copy of the *Flynn II* Judgment and Sentencing Order.

7. Between 2005 and 2011, Flynn evaded more than $13 million in taxes by fraudulently hiding millions of shares of stock that he obtained for himself in other people's names.  A true and correct copy of the *Flynn II* Second Superseding Indictment, which was filed on May 7, 2018, is attached as **Exhibit D**.

8. On June 4, 2018, Flynn entered into the *Flynn II* Plea Agreement and Sentencing Stipulations through which he pled guilty to Count 1 and Count 3 of the Superseding Indictment.  Attached as **Exhibit E** is a true and correct copy of the *Flynn II* Plea Agreement.

9. At the time of entry of the judgment in *Flynn II*, Flynn's debt to the United States in *Flynn II* totaled $5,392,642.87.  As of April 18, 2019, the balance owing on the *Flynn II* debt is $5,392,617.87.

10. Flynn is indebted to the United States for more than $6,045,135.88 based on the criminal judgments entered against him on April 27, 1999, in *Flynn I* and on January 24, 2019, in *Flynn II*.

11. Once the Court entered judgment in *Flynn I* and *Flynn II*, liens arose in favor of the United States against all of Flynn's real and personal property under 18 U.S.C. § 3613(c). Attached as **Exhibit F** are true and correct copies of the liens the United States has filed against Flynn as a result of the criminal judgments against him.

### B. Defendant Scott Phillip Flynn

12. Flynn is an adult residing in the District of Minnesota.

13. Flynn has directed numerous transactions and conveyances on behalf of the Flynn Entities in an effort to conceal his assets held by these entities from his creditors, including the United States.

14. Flynn is currently serving an 87-month sentence in connection with *Flynn II*.

### C. Defendant Shawn Grimm

15. Shawn M. Grimm ("Grimm") is an adult residing in the District of Minnesota. She is Flynn's sister and has acted as Flynn's agent since approximately July 2014.

16. Grimm purported to act as the manager of Watertown Properties, LLC from July 2014 to until at least May 1, 2015, a role previously served by Flynn's father prior to his passing on July 10, 2014. She was also the nominal manager of Watertown Property, LLC (a separate entity) since its inception in July 2014, and was the nominal general partner of Desert Inn Holdings, LLLP since June 2005.

17. Grimm is listed as a manager and/or general partner of the Flynn Entities.

### D. Defendant Watertown Property, LLC

18.     Grimm is the nominal manager and registered agent of Watertown Property, LLC, which was created in July 2014.  Attached as **Exhibit G** is a true and correct copy of Watertown Property, LLC's original LLC filing with the Minnesota Secretary of State dated July 30, 2014.

19.     Watertown Property, LLC holds nominal title to the Orono mansion.  As set forth in ¶¶ 45-51 of this Complaint, it is an alter ego of Flynn intended to enable Flynn to protect equity in the Orono mansion and avoid creditors, including the United States.

### E. Defendant Desert Inn Holdings, LLLP

20.     Desert Inn Holdings, LLLP, (hereinafter, "Desert Inn Holdings"), is a Nevada limited liability limited partnership created in June 2005.  Attached as **Exhibit H** is a true and correct copy of Desert Inn Holdings' business entity report from the Nevada Secretary of State, which lists the capital amount as "$0" and "0" as the number of shares.

21.     Desert Inn Holdings' only officer is Grimm, who is listed as a general partner with an address of 2520 St. Rose Parkway, Suite 319, Henderson, Nevada, 89074.  No other officers or partners are listed.

22.     Desert Inn Holdings holds a $2.7 million sham mortgage on the Orono mansion that was executed on July 19, 2007, by Phillip J. Flynn, Flynn's father, on behalf of Watertown Properties, LLC.  The Orono mansion was purchased on July 25, 2007.  Attached as **Exhibit I** is a true and correct copy of the Desert Inn Holdings mortgage that was recorded in Hennepin County on August 6, 2007.

5

23. As set forth in ¶¶ 52-58 of this Complaint, Desert Inn Holdings is an alter ego of Flynn. Since its creation in June 2005, Desert Inn Holdings has operated as an alter ego entity intended to enable Flynn to protect equity in the Orono mansion and avoid creditors, including the United States.

### **FLYNN PURCHASED THE ORONO MANSION**

24. On or about July 25, 2007, Flynn caused Watertown Properties, LLC to purchase the Orono mansion with $2.7 million in cash. Attached as **Exhibit J** is a true and correct copy of the warranty deed from a private seller to Watertown Properties, LLC, dated July 19, 2007, that was recorded in Hennepin County on August 6, 2007.

25. The $2.7 million Flynn used to buy the Orono Mansion originated from Flynn's compensation for his role in a reverse merger for which he was indicted in *Flynn II* and to which Flynn pled guilty. This income was never reported on any tax return by the Flynn Entities or member of the Flynn Group of companies identified in the Second Superseding Indictment. (Ex. D at 4 ¶ 9.)

26. In the *Flynn II* Plea Agreement, Flynn admitted that the $2.7 million he used to buy the Orono mansion in 2007 that he ran through several offshore entities in Australia and Costa Rica was proceeds from his criminal tax fraud scheme to which he pled guilty. (Ex. E at 3 ¶ 3.) Specifically, Flynn admitted that, "[i]n 2007, [Flynn] received approximately $2.7 million of the proceeds from the Australian nominees to buy a house in Orono, Minnesota, which was income to [Flynn]." (*Id.*)

27. Flynn also admitted in the *Flynn II* Plea Agreement that his conduct of underreporting his income in his 2007 United States Income Tax Return violated 18 U.S.C. § 371 and 26 U.S.C. § 7206(1). (*Id.*)

28. Flynn engaged in a series of transactions to conceal that the funds used to purchase the Orono mansion were his personal assets.

29. On or around July 24, 2007, Flynn caused a Costa Rican nominee to transfer $2.25 million to Desert Inn Holdings to be used by Flynn to purchase the Orono mansion. He received an additional $450,000 from a Costa Rican nominee. Through these transfers, Flynn sought to conceal the fact that this $2.7 was his income.

30. Flynn further concealed his personal ownership of the Orono mansion through sham mortgage transactions taken through his alter ego entities.

31. On July 19, 2007, Desert Inn Holdings, a Flynn alter ego, extended a sham mortgage loan to Watertown Properties, LLC, another Flynn alter ego, for the entire $2.7 million of Flynn's money that was used to purchase the Orono mansion. (Ex. D at 14 ¶ 45; Ex. I.)

32. Flynn caused Desert Inn Holdings to file the sham mortgage with the Hennepin County Recorder's Office on August 6, 2007. (*See* Ex. I.) Upon information and belief, the purpose of the mortgage was to protect the equity in the Orono mansion from Flynn's creditors. None of this mortgage indebtedness has been repaid.

33. Flynn has used the Orono mansion as his personal residence since its acquisition by Watertown Properties, LLC in July 2007.

34. Between 2007 and 2015, Flynn caused the transfer of more than $600,000 in additional funds from the Flynn Entities to a bank account in the name of Watertown Properties, LLC at Wells Fargo Bank, which Flynn used to improve and maintain the Orono mansion. (Ex. D at 15 ¶ 47.)

35. Though Flynn has lived continuously in the Orono mansion from 2007 to January 2019 and the improvements benefitted him, Flynn never reported any portion of the $600,000 on his personal income tax return during any year. (*Id*.)

36. During the taxable years 2007 through 2011, Flynn listed the address of his father, Phillip Flynn, on his tax returns in order to conceal that he lived in the Orono mansion. (*Id*. at 15 ¶ 48.)

## **FLYNN USES WATERTOWN PROPERTIES, LLC AND WATERTOWN PROPERTY, LLC AS ALTER EGOS TO CONCEAL HIS OWNERSHIP OF THE ORONO MANSION**

### **A. Watertown Properties, LLC Was an Alter Ego Entity Under Flynn's Direction.**

37. Watertown Properties, LLC was organized on June 1, 2007. Attached as **Exhibit K** is a true and correct copy of Watertown Properties, LLC's original LLC filing with the Minnesota Secretary of State dated June 1, 2007. The registered agent was listed as Flynn's father, Phillip Flynn. Watertown Properties, LLC was created for the purpose of holding title to the Orono mansion and serving as the mortgagor for a sham mortgage held by Desert Inn Holdings, another alter ego of Flynn.

38. Under Flynn's control, Watertown Properties, LLC was an alter ego of Flynn. It lacked sufficient capitalization, had no assets aside from title to the Orono

8

mansion, never paid dividends, and was never a solvent or functional business. As de facto controlling shareholder, Flynn has siphoned valuable consideration, including living in the Orono mansion rent-free for years.

39. Until it was administratively terminated in February 2013, Flynn controlled all aspects of Watertown Properties, LLC, including its financial decisions relating to its sole asset, the Orono mansion. Phillip Flynn controlled Watertown Properties, LLC's bank accounts at Flynn's direction.

40. Upon information and belief, through Watertown Properties, LLC Phillip Flynn and/or Grimm executed numerous transactions and conveyances at Flynn's direction and on behalf of Flynn as a nominee for Flynn and/or his alter ego entities.

41. On February 26, 2013, the Minnesota Secretary of State administratively terminated Watertown Properties, LLC.

42. On March 25, 2014, an individual not affiliated with Grimm or the Flynns, Leland C. Moe ("Moe"), became the manager of Watertown Properties, LLC after the entity's registration expired while Grimm and/or Phillip Flynn, Flynn's father, were listed as manager. Attached as **Exhibit L** is a copy of the initial filing for Watertown Properties, LLC under Moe's ownership and management.

43. Even though she was not authorized to do so by Moe, Grimm submitted a filing for Watertown Properties, LLC asserting that on August 4, 2014, Grimm became the manager of Watertown Properties, LLC. Attached as **Exhibit M** is a true and correct copy of the Annual Renewal for Watertown Properties, LLC dated August 4, 2014.

9

44. Because Watertown Properties, LLC was administratively terminated and was subsequently re-registered under Moe's ownership on March 25, 2014, the actions Flynn's agent, Grimm, attempted to take on behalf of Watertown Properties, LLC on or after February 26, 2013, were invalid and were of no legal effect.

### B. Watertown Property, LLC is an Alter Ego of Flynn.

45. Since its creation in July 2014, Watertown Property, LLC has operated as an alter ego for Flynn intended to enable Flynn to protect equity in the Orono mansion and avoid creditors, including the United States.

46. Upon information and belief, Watertown Property, LLC was created because the registration of Watertown Properties, LLC lapsed and was subsequently re-registered by Moe. At the time Watertown Property, LLC was created, Flynn owed more than $598,000 in unpaid restitution to in *Flynn I*.

47. Watertown Property, LLC lacks sufficient capitalization and has no assets aside from title to the Orono mansion. It has never paid dividends and has never been a solvent or functional business.

48. Upon information and belief, corporate formalities have not been observed and Watertown Property, LLC does not have corporate records.

49. Flynn through his agent Grimm has used Watertown Property, LLC as his alter ego. In his role as de facto controlling shareholder of Watertown Property, LLC, Flynn has siphoned funds and other valuable consideration, including living in the Orono mansion rent-free for years.

50. Flynn controls all aspects of Watertown Property, LLC, including its financial decisions relating to its sole asset, the Orono mansion and directs all transactions involving Watertown Property, LLC.

51. It is unjust to allow Flynn to continue to conceal his equity in the Orono mansion by using Watertown Property, LLC as an alter ego through which he seeks to evade his restitution obligations.

### C. Desert Inn Holdings, LLLP is an Alter Ego of Flynn.

52. Desert Inn Holdings is an alter ego of Flynn. Since its creation in June 2005, Desert Inn Holdings has operated as an alter ego entity intended to enable Flynn to protect equity in the Orono mansion and avoid creditors, including the United States.

53. At the time it was created, Flynn owed the United States more than $509,000 in unpaid restitution based on the judgment in *Flynn I*.

54. Desert Inn Holdings lacks sufficient capitalization and has no assets aside from a sham mortgage on the Orono mansion. It has not paid dividends and has not functioned as a solvent or functional business.

55. Upon information and belief, Desert Inn Holdings has not observed corporate formalities, and it does not have corporate records.

56. Flynn, through his agents, used Desert Inn Holdings as if it was his personal asset and, as de facto controlling shareholder, siphoned funds and other valuable consideration from it.

57. The Desert Inn Holdings mortgage impaired, and continues to impair, the right and ability of the United States to collect Flynn's restitution debts. Upon information

and belief, regular payments have not been made pursuant to the July 2007 mortgage, which was created to take first priority in the Orono mansion to the disadvantage of Flynn's creditors, including the United States.

58. It is unjust to allow Flynn to continue to conceal his equity in the Orono mansion by using Desert Inn Holdings as his alter ego to evade his restitution obligations to the victims of his crimes.

### D. Flynn Continues to Conceal his True Ownership of the Orono Mansion.

59. On September 17, 2014, Grimm attempted to execute a warranty deed conveying the Orono mansion from Watertown Properties, LLC to Watertown Property, LLC for less than $500. Attached as **Exhibit N** is a true and correct copy of the warranty deed, which was signed by Grimm in her capacity as "Manager" of Watertown Properties, LLC. Grimm signed the September 2014 warranty deed as "Manager" of Watertown Properties, LLC even though she was not authorized to do so by Moe, the owner of Watertown Properties, LLC at that time.

60. On March 2, 2015, Moe, on behalf of Watertown Properties, LLC, executed a quitclaim deed conveying the Orono mansion to Watertown Property, LLC. Attached as **Exhibit O** is a true and correct copy of the quitclaim deed, which was executed by Moe in his capacity as Chief Manager of Watertown Properties, LLC.

61. Based on the March 2, 2015 quitclaim deed, Watertown Property, LLC is the titled owner of the Orono mansion. As set forth in ¶¶ 45-51, Watertown Property, LLC is an alter ego of Flynn, holding only bare or apparent title for Flynn's benefit.

62. Flynn has lived continuously in the Orono mansion since its purchase and the improvements benefitted him. The Orono mansion has not been used for any legitimate business purpose.

63. To avoid injustice and fundamental unfairness to Flynn's victims in his criminal cases to whom he owes more than $6 million in restitution, it is necessary for the Court to issue judgment decreeing that Watertown Property, LLC and Desert Inn Holdings are alter egos of Flynn and that the assets of these entities must be liquidated to satisfy Flynn's restitution obligations.

## CLAIMS FOR RELIEF

### COUNT I
### (Declaratory Judgment, 28 U.S.C. § 2201 - Watertown Property, LLC is an Alter Ego of Scott Phillip Flynn - Alleged Against Scott Phillip Flynn, Shawn Grimm, and Watertown Property, LLC)

64. The allegations of paragraphs 1 through 63 are re-alleged and incorporated by reference in this count.

65. Grimm is listed with the Minnesota Secretary of State as the general manager of Watertown Property, LLC. Grimm is an agent for Flynn. Flynn controls all aspects of Watertown Property, LLC, including its financial decisions and its sole financial asset, the Orono mansion.

66. Watertown Property, LLC is insufficiently capitalized and corporate formalities have not been observed. Upon information and belief, corporate records have not been maintained.

67. Upon information and belief, Watertown Property, LLC has not paid dividends and has not functioned as an operational, solvent business. It has no business operations. Rather, Watertown Property, LLC is a facade and alter ego of Flynn created for the purpose of holding title to the Orono mansion and serving as the mortgagor for a sham mortgage held by Desert Inn Holdings, another alter ego of Flynn.

68. Upon information and belief, Flynn functions as the controlling and dominant shareholder of Watertown Property, LLC, and has taken funds and assets from Watertown Property, LLC, treating its assets as his own.

69. Upon information and belief, Grimm is a nonfunctioning manager and registered agent of Watertown Property, LLC. Instead, Flynn directs and controls all transactions involving Watertown Property, LLC.

70. To avoid injustice and fundamental unfairness to Flynn's victims in his criminal cases to whom he owes more than $6 million in restitution, the United States is entitled to judgment decreeing that Watertown Property, LLC is an alter ego and asset of Flynn. *See United States v. Scherping*, 187 F.3d 796, 803 (8th Cir. 1999); *Hoyt Properties, Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318-19 (Minn. 2007).

### COUNT II
### (Declaratory Judgment, 28 U.S.C. § 2201 - Desert Inn Holdings is an Alter Ego of Scott Phillip Flynn - Alleged Against Scott Phillip Flynn, Shawn Grimm, and Desert Inn Holdings)

71. The allegations of paragraphs 1 through 70 are re-alleged and incorporated by reference in this count.

72. The listed general manager of Desert Inn Holdings, Grimm, is an agent for Flynn. Flynn controls all aspects of Desert Inn Holdings. He makes all financial decisions related to its sole financial asset, the mortgage on the Orono mansion.

73. Desert Inn Holdings is insufficiently capitalized and corporate formalities have not been observed. Upon information and belief, corporate records have not been maintained.

74. Upon information and belief, Desert Inn Holdings has never paid dividends and has never been an operational, solvent business. It has no business operations. Rather, Desert Inn Holdings is a facade and alter ego of Flynn, created for the purpose of holding a sham mortgage against the Orono mansion.

75. Upon information and belief, Flynn, the de facto controlling and dominant shareholder of Desert Inn Holdings, has taken funds and assets from Desert Inn Holdings and treated its assets as his own.

76. Grimm is a nonfunctioning manager and registered agent of Desert Inn Holdings. Instead, Flynn directs and controls all transactions involving Desert Inn Holdings.

77. To avoid injustice and fundamental unfairness to Flynn's victims in his criminal cases to whom he owes more than $6 million in restitution, the United States is entitled to judgment decreeing that Desert Inn Holdings is an alter ego and asset of Flynn. *See United States v. Scherping*, 187 F.3d 796, 803 (8th Cir. 1999); *Hoyt Properties, Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318-19 (Minn. 2007).

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that the Court enter judgment in favor of the United States and against the Defendants for the following relief:

1. A decree that Watertown Property, LLC and Desert Inn Holdings, LLLP are alter egos of Scott Phillip Flynn and as such are liable for his restitution debts to the United States pursuant to the criminal judgments entered against him;

2. A decree that Shawn Grimm has no interest or a claim to an interest in the Orono mansion;

3. A decree that the United States' liens identified herein attached to all property and rights of property of Scott Phillip Flynn, including the Orono mansion;

4. Entry of judgment against Scott Phillip Flynn in the amount of the value of the property and in an amount to be proven at trial not to exceed the amount of his debts to the United States, which total $6,045,135.88 as of April 18, 2019, as ordered pursuant to the *Flynn I* and *Flynn II* criminal judgments;

5. Entry of judgment against Watertown Property, LLC in the sum of $6,045,135.88 plus additional penalties and interest accruing after April 18, 2019, until paid;

6. Entry of judgment against Desert Inn Holdings, LLLP in the sum of $6,045,135.88 plus additional penalties and interest accruing after April 18, 2019, until paid;

7. The Court order the United States Marshals Service (USMS) to take custody and control of the Orono mansion to sell the property free and clear of the liens, claims, and interests of all Defendants in this case, with the proceeds of the sale, net of other valid and superior liens and encumbrances of record, payment of real property taxes and the costs

of administration of the sale, to be paid to the Clerk of Court to the extent necessary to satisfy Scott Phillip Flynn's debts to the United States pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3203; and

8. The Court grant such other and further relief as may be just and appropriate, including whatever relief is necessary to preserve the value of the Orono mansion and to ensure Scott Phillip Flynn is able to satisfy his debts to the United States.

Dated: April 19, 2019

                                  ERICA H. MacDONALD
                                  United States Attorney

                                  *s/ Erin M. Secord*

                                  BY: ERIN M. SECORD
                                  Assistant U.S. Attorney
                                  Attorney ID No. 0391789
                                  ANA H. VOSS
                                  Assistant U.S. Attorney
                                  Attorney ID No. 483656DC
                                  600 United States Courthouse
                                  300 South Fourth Street
                                  Minneapolis, MN 55415
                                  Phone: (612) 664-5600
                                  erin.secord@usdoj.gov
                                  ana.voss@usdoj.gov

                                  **Attorneys for Plaintiff**
                                  **United States of America**